UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br>MICHAEL D. ROGERS,<br>        Plaintiff. | Case No. 17-cv-06981-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 1 |

Michael D. Rogers, an inmate at the R. J. Donovan Correctional Facility, has filed this civil action seeking information and documents from the San Francisco Criminal DNA Laboratory.[1] He cites the Freedom of Information Act (FOIA), the Privacy Act, and the California Public Records Act as authorities for his request. It appears from his filing that he has not made the request directly to the San Francisco Criminal DNA Laboratory, and instead has come to the Court to make the request for him.

Mr. Rogers' complaint is now before the Court for review under 28 U.S.C. § 1915(e), which allows the Court to dismiss an *in forma pauperis* action if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

---

[1] Mr. Rogers was convicted in San Francisco County Superior Court in 2015 of robbery, burglary, assault and murder; he currently is serving a sentence of 41 years to life in prison. *See Rogers v. Walker*, Case No. 10-cv-0158 WHA at Docket No. 29 (Jan. 11, 2012 order denying petition for writ of habeas corpus).

(1994). As relevant here, the Court only has jurisdiction to entertain this action if the parties have diverse citizenship, *see* 28 U.S.C. § 1332, or if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983, FOIA or the Privacy Act. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court only if there is diversity jurisdiction, or if a claim is stated under § 1983, FOIA or the Privacy Act.

Diversity jurisdiction requires an amount in controversy greater than $75,000 and, more important for present purposes, that the action is between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is absent because Mr. Rogers and the San Francisco Criminal DNA Lab are citizens of California.

Federal question jurisdiction is not alleged and does not appear to exist. A civil rights action under 42 U.S.C. § 1983 would give the Court federal question jurisdiction over this action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Rogers has not asserted a claim under § 1983, and apparently could not because -- even assuming for purposes of argument that he could state a § 1983 claim based on the denial of a request for documents and information -- his filing indicates that he has not even submitted a request to, let alone received a rejection from, the San Francisco Criminal DNA.

FOIA, 5 U.S.C. § 552, mandates a policy of broad disclosure of government documents when production is properly requested of an agency. *See* 5 U.S.C. § 552(a). FOIA generally is limited to agencies of the executive branch of the federal government, 5 U.S.C. § 552(e), and does not apply to state agencies. *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1982). A claim cannot be stated under FOIA because Mr. Rogers is requesting documents and information from the San Francisco Criminal DNA Lab, and that is not an "agency" to which FOIA applies.

The Privacy Act protects the privacy of individuals by regulating the "'collection, maintenance, use, and dissemination of information' by federal agencies." *Rouse v. United States*

*Dep't of State*, 567 F.3d 408, 413 (9th Cir. 2009) (quoting 5 U.S.C. § 552a note).  Like FOIA, the Privacy Act is generally limited to agencies of the executive branch of the federal government. *See* 5 U.S.C. § 552a(a)(1) (defining "agency" by reference to 5 U.S.C. § 552(e)).  Its civil remedy provisions do not apply against private individuals, state agencies, private entities, or state and local officials.  *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985); *see also St. Michael's Convalescent Hospital*, 643 F.2d at 1373 (Privacy Act does not apply to state agencies). A claim cannot be stated under the Privacy Act because Mr. Rogers is requesting documents and information from the San Francisco Criminal DNA Lab, and that is not an "agency" to which the Privacy Act applies.

Mr. Rogers has not identified any other federal statute that would give this Court federal question jurisdiction, and the Court is not aware of one that would.  There is no federal question jurisdiction.  Because there is no federal question jurisdiction, this Court cannot exercise supplemental jurisdiction over any claim that might exist under California law.  28 U.S.C. § 1367(a).  Mr. Rogers may pursue his claim under the California Public Records Act, assuming such a claim exists, in state court.  If Mr. Rogers wants DNA testing done, the state statute providing the procedures for DNA testing is California Penal Code § 1405.  But these are not claims over which this federal court has jurisdiction.

For the foregoing reasons, this action is dismissed for lack of subject matter jurisdiction. The action must be pursued, if at all, in state court.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 21, 2018

_____
EDWARD M. CHEN
United States District Judge

3